IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI TRANSPORTATION COMMISSION

    Plaintiff,

VS.                                      CIVIL ACTION NO. 1:23cv216 LG-BWR
                                          IN ADMIRALTY
                                          (Per Rule 9(h) F.R.C.P.), and
                                          IN PERSONAM

THE VESSEL ASHLEIGH AND
CERTAIN BARGES, *in rem* and
COOPER MARINE AND TIMBERLANDS
CORPORATION, *in personam*

    Defendants.

---

**VERIFIED COMPLAINT**

---

    The Plaintiff, Mississippi Transportation Commission, by and through the Office of Attorney General of the State of Mississippi, as and for its Verified Complaint against the vessel tug *Ashleigh* and certain barges in tow, *in rem*, and Cooper Marine and Timberlands Corporation, *in personam*, respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

**I.**

    This is an admiralty and maritime action within the Court's admiralty jurisdiction conferred by Article III, Section 2 of the U. S. Constitution, 28 U.S.C. §§ 1332 and 1333(1), 46 U.S.C. § 30101, and within the meaning of Federal Rule of Civil Procedure 9(h), and Rules B and C of the Supplemental Rules of Certain Admiralty and Maritime Claims.

## VENUE

## II.

Venue is proper in this Court in accordance with 28 U.S.C. § 1391 in that the vessel tug *Ashleigh*, her engines, apparel, electronics, tackle, boats, appurtenances, *et cetera*, and certain barges are or will be during the pendency of this action within this District and the jurisdiction of this Honorable Court.

## PARTIES

## III.

That Plaintiff, Mississippi Transportation Commission ("MTC"), is a body corporate of the State of Mississippi and is duly authorized to institute this action under and by virtue of Section 65-1-5 of the Mississippi Code of 1972, as amended.

## IV.

That, upon information and belief, the Defendant, Cooper Marine and Timberlands Corporation ("Cooper") was at all material times the owner and operator of the vessel tug *Ashleigh* and the owner and operator of certain vessel and barge fleeting facilities and moorings located on the Mobile River, in Mobile County, a navigable waterway of the United States. Cooper's address is 118 North Royal Street #1100, Mobile, Alabama 36602. At all material times, the vessel tug *Ashleigh*, her engines, apparel, electronics, tackle, boats, appurtenances, *et cetera* (hereafter sometimes referred to as "the Vessel"), and certain barges in tow are or will be during the pendency of this action within this District and jurisdiction of this Honorable Court.

## V.

## THE ALLISION

At all times hereinafter mentioned, MTC was and still is the owner and operator of the Bascule Bridge, and its surrounding support structures, at Highway SR 605 crossing over the Bayou Benard in Gulfport, Harrison County, Mississippi, also known as the Cowan-Lorraine

drawbridge (hereafter "Drawbridge"). On October 7, 2021, during the early morning hours, the Vessel, with certain barges in tow, and while proceeding in the Biloxi Back Bay struck and allided with the main structure of the Drawbridge.

## VI.

The Vessel, barges and mariners had a duty of reasonable care to navigate safely and avoid an allision and prevent damage to Drawbridge. The Vessel and barges were negligently navigated in such a manner as to strike and allide with Drawbridge, a stationary fixed object. As a direct result of such negligent navigation of the Vessel, extensive actual damage was caused to the structure of Drawbridge.

## VII.

The striking of the structure of the Drawbridge and the extensive damage to the structure of the Drawbridge was not caused or occasioned by any fault or neglect on the part of the MTC, but was caused and occasioned solely by the fault, carelessness, and negligence of the Defendants as follows:

a. Allowing an unseaworthy vessel and attached barges to operate in navigable waters;

b. Permitting the Vessel and her attached certain barges to be a menace to navigation in said waters;

c. Failure of Cooper and its employees to properly navigate within the navigable channel;

d. Failure of Cooper to crew the Vessel and the tow with competent personnel who were attentive to their duties;

e. Failure of Cooper and its employees to properly notice the presence of the Drawbridge and its surrounding structures;

f. Failure of Cooper and its employees to take adequate measures to avoid striking the structure of the Drawbridge; and

g. Failure of Cooper and its employees to abide by the rules and applicable regulations of navigation.

### VIII.

MTC specifically pleads application of the doctrine of *res ipsa loquitur* because the *Ashleigh*, which caused the Plaintiff's damages, were at all material times under the exclusive control of Defendants and this casualty was of the type that does not ordinarily occur in the absence of negligence.

### IX.

By reason of the premises and of the allusion aforesaid, MTC has sustained substantial and serious damages consisting of the cost of repairs of the drawbridge and other incidental expenses and disbursements, totaling as near as the sum can now be estimated, in the sum of no less than $584,911.95, plus interest.

### X.

MTC reserves the right, when and if additional information becomes available, to supplement and amend this Verified Complaint to, among other things, add additional parties, specifically, the owners of certain barges that made up the tow of the Vessel and to assert additional claims against the present Defendants and against such other additional parties.

### XI.

All and singular, the premises are true and correct and are within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff Mississippi Transportation Commission prays:

1. That process and *in rem* service on the *Ashleigh* be withheld at this time;

2. That process issue against Defendant, Cooper Marine and Timberlands Corporation, and that Defendant be cited to appear and answer the allegations of this Verified Complaint;

3. That the Plaintiff be allowed to amend its Verified Complaint to add as Defendants the certain barges making up the tow of the *Ashleigh* as that information becomes available;

4. That an interlocutory judgment be entered in favor of the Plaintiff against the tug *Ashleigh*, and against the Defendant Cooper Marine and Timberlands Corporation, directing that the Plaintiff, recover its damages in the amount of no less than approximately $584,911.95, and that the tug *Ashleigh* be condemned and sold, and the proceeds of sale applied to the payment to Plaintiff of the sums found due it;

5. Add other defendants and/or objects that may be shown to have been negligent or responsible for the accident;

6. That final judgment against the Defendant Cooper Marine and Timberlands Corporation *in personam*, the tug *Ashleigh* and certain barges in the tow *in rem*, jointly and severally, be entered in favor of the Plaintiff and all other interested parties, in the amount of no less than $584,911.95, together with interest from the date of allision, taxable costs, expenses, and witness and attorneys' fees; and

7. That Plaintiff have such other and further relief as may be just and equitable under the circumstance of this case.

RESPECTFULLY SUBMITTED this the 25th day of August, 2023.

**MISSISSIPPI TRANSPORTATION COMMISSION**

BY: *Daniel B. Smith* (signature)


DANIEL B. SMITH, SPECIAL ASSISTANT ATTORNEY GENERAL (MSB #7483)
N. KYLE JONES, STAFF ATTORNEY (MSB #104858)
MISSISSIPPI TRANSPORTATION COMMISSION
LEGAL DIVISION
POST OFFICE BOX 1850
JACKSON, MISSISSIPPI 39215-1850
TELEPHONE: (601) 359-7600
FACSIMILE: (601) 359-7774
dbsmith@mdot.ms.gov
nkjones@mdot.ms.gov

**Attorneys for Mississippi Transportation Commission**

## VERIFICATION OF FACTUAL ALLEGATIONS IN COMPLAINT

I, KELLY CASTLEBERRY, am the District Engineer for District VI, an agency officer of the Mississippi Transportation Commission under Sec. 65-1-1, et seq. of the Mississippi Code of 1972, as amended. I believe, based on reasonable inquiry and institutional knowledge that the foregoing factual allegations in the Verified Complaint are true and correct to the best of my knowledge, information provided, and belief.

THIS the __14__ day of __August__, 2023.

_Kelly R. Castleberry_
KELLY CASTLEBERRY, DISTRICT ENGINEER
FOR DISTRICT VI
Mississippi Department of Transportation

SWORN TO AND SUBSCRIBED BEFORE ME, this the __14th__ day of __August__, 2023.

_Linda J. Townsend_
NOTARY PUBLIC

**MY COMMISSION EXPIRES:** _____

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC, ID # 49765, LINDA J. TOWNSEND, Commission Expires July 27, 2025, JONES COUNTY]

7